### PULLEN ET AL. v. EDWARDS ET AL.

[No. 2,175. Filed May 20, 1897.]

APPELLATE COURT.—*Jurisdiction.*—*Injunction.*—In suits where relief is demanded by way of injunction, the Appellate Court has no jurisdiction.

From the Marion Superior Court. *Transferred to the Supreme Court.*

F. J. VanVorhis, W. W. Spencer, W. Irwin, J. B. Kealing and M. M. Hugg, for appellants.

E. F. Ritter and J. E. Baker, for appellees.

Richards *v.* Reeves.

HENLEY, J.—The appellees were the plaintiffs below, and while demanding damages in their complaint, they also asked that the court declare appellants' place and business, as conducted, a nuisance; and that they be perpetually enjoined from continuing and maintaining such business. There was a trial by the court, and judgment for appellees in the sum of $250. The prayer of the appellees for an injunction was granted, and appellants were enjoined from maintaining, or permitting to be maintained, the business in which they were engaged as described in appellees' complaint. From this judgment the appeal is taken.

Under the third specification of section one, of the act of 1891, creating the Appellate Court (section 1336 Burns 1894) it is provided that this court shall have jurisdiction in "all actions seeking the recovery of a money judgment *only* when the amount in controversy exclusive of costs does not exceed thirty-five hundred dollars." This action does not seek to recover a money judgment *only*, and, in fact, it appears that the principal object appellees desired to accomplish was to suppress and blot out, by means of an injunction, the nuisance described in the complaint. In actions where relief is demanded by way of injunction, this court has no jurisdiction. It follows that this cause must be certified to the Supreme Court, and the same is hereby ordered.